**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4485**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY TARRELL MCCASKILL,

Defendant - Appellant.

**No. 20-4493**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY TARRELL MCCASKILL,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:19-cr-00482-LCB-1; 1:01-cr-00350-LCB-1)

Submitted:  August 19, 2021                    Decided:  August 23, 2021

Before GREGORY, Chief Judge, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Craven, III, Durham, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Sandra J. Hairston, First Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tommy Tarrell McCaskill appeals the district court's judgments imposing a mandatory minimum sentence of 120 months' imprisonment under 21 U.S.C. § 841(a)(1), (b)(1)(B) for distributing 50 grams or more of a methamphetamine mixture, and revoking his supervised release and sentencing him to 24 months' imprisonment. McCaskill challenges the reasonableness of his revocation sentence, contending that the district court erred in imposing a consecutive rather than concurrent sentence to his new offense's 120-month sentence. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). "[T]he same procedural and substantive considerations that guide our review of original sentences inform our review of revocation sentences as well." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (brackets and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (footnotes omitted). "[A] revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its

3

conclusion that the defendant should receive the sentence imposed." *Id.* (brackets and internal quotation marks omitted).

Applying these standards, we conclude that McCaskill's 24-month consecutive sentence is neither procedurally nor substantively unreasonable. Our review of the record reveals that McCaskill has neither rebutted the presumption of reasonableness accorded his below-policy statement range sentence nor demonstrated any district court error. McCaskill argues that he overserved his original sentence and that the sentencing ratio for actual versus mixed methamphetamine offenses compel a concurrent sentence for the supervised release violation. However, McCaskill did not overserve the sentence imposed in 2002 nor does the methamphetamine ratio argument apply to the revocation sentence, which was related to the 2002 judgment for firearm and cocaine offenses.

Accordingly, we deny McCaskill's motion to file a pro se supplemental brief, *see United States v. Cohen*, 888 F.3d 667, 682 (4th Cir. 2018) ("[A]n appellant who is represented by counsel has no right to file pro se briefs or raise additional substantive issues in an appeal."), deny counsel's motion to withdraw, and affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*